UNITED STATES of America

v.

Reinaldo TORNA, Defendant.

No. Crim.A. 97–40027–NMG.

United States District Court,
D. Massachusetts.

Dec. 30, 1998.

Peter Ettenberg, Gould & Ettenberg, Worcester, MA, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this court is defendant's *pro se* Motion for a Certificate of Appealability ("COA") (Docket No. 14). Torna filed his original petition under 28 U.S.C. § 2255 on March 11, 1998, and that petition was dismissed by this Court on July 21, 1998.[1] Torna now seeks a COA under 28 U.S.C. § 2253, as amended by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

In his initial petition, Torna challenged the authority of this Court to impose an 18–month sentence as the result of Torna's failure to abide by conditions of his supervised release. At a hearing on November 13, 1997, Torna admitted to violating the condition requiring him to refrain from use of narcotic or other controlled substances and to submit to drug treatment as ordered by the Probation Department. The parties agreed that, pursuant to Section 7B1.4 of the United States Sentencing Guidelines, Torna fell within a suggested guideline range of five to eleven months incarceration. This Court considered that range but instead imposed an 18–month sentence, due in part to the strong recommendation of the Probation Department that an 18–month sentence would reasonably guarantee that Torna would be accepted into the Bureau of Prisons 500–Hour Comprehensive Drug Treatment Program.

Torna, in his initial petition, argued that this Court lacked the authority to impose an 18–month sentence.[2] This Court denied the petition and noted that Section 7B1.4 is a non-binding policy statement, not a binding guideline. As such, a court is free to impose a sentence that is longer than the one suggested. *See* U.S.S.G. Chapter 7, Part A; *United States v. O'Neil*, 11 F.3d 292, 301 n.

---

1. Although Torna's original petition is captioned as a Motion for Relief From Judgment, this Court will construe it as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

2. The government responded that Torna waived his right to contest any sentence longer than eleven months because he agreed to such a sentence in order to improve his chances of being

accepted into the Bureau of Prisons 500–Hour Comprehensive Drug Treatment Program. This Court disagrees with the government's position because Torna, at the hearing on November 13, 1997, clearly expressed his desire to be sentenced within the five-to eleven-month range notwithstanding his prior willingness to accept a longer sentence.

478

11 (1st Cir.1993) ("Chapter 7 policy statements [are] advisory rather than mandatory.... [T]he lower court must consider, but need not necessarily follow, the Sentencing Commission's recommendations regarding post-revocation sentencing.")

Torna now seeks a COA so that he may appeal this Court's decision to dismiss his petition. Under 28 U.S.C. § 2253, federal rules and the local rules of this district, Torna may not appeal this Court's final order dismissing his petition unless he first obtains a COA. *See* 28 U.S.C. § 2253(c)(1) (stating that a § 2255 petitioner may not appeal a district court's final order unless a "circuit justice or judge" issues a COA); Fed. R.App.P. 22 (stating that an appeal by a habeas petitioner may not proceed without the issuance of such a certificate by a district or circuit judge); Interim Loc.R. 22.1(b), Massachusetts Rules of Court for the United States Court of Appeals for the First Circuit (stating that ordinarily a request for a COA should be made to the district court which dismissed the original petition).

Section 2253(c)(2) provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In ruling on a motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2), or the reasons for the district court's denying the motion. *See* Interim Loc.R. 22.1.

This court's imposition of an 18–month sentence was proper. As stated previously, § 7B1.4 is merely a non-binding policy statement and a District Judge is therefore free to disregard the suggested guideline and impose a longer sentence. Accordingly, Torna has failed to make a "substantial showing of the denial of a constitutional right" and his request for a COA must be denied.

### ORDER

For the foregoing reasons, Torna's Motion for a Certificate of Appealability is **DENIED.** So ordered.